UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE TRAVELERS INDEMNITY
COMPANY OF AMERICA and THE
TRAVELERS INDEMNITY COMPANY,

                    Plaintiffs,

        v.

DODSON-DUUS, LLC, et al.,

                    Defendants.

CASE NO. C12-5625 BHS

ORDER GRANTING
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT AND
MOTION TO STRIKE
DEFENDANTS'
COUNTERCLAIMS

    This matter comes before the Court on Plaintiffs Travelers Indemnity Company

and Travelers Indemnity Company of America's ("Travelers") motion for summary

judgment (Dkt. 30) and motion to strike Defendants Desiree Dodson; Mark Dodson;

Edward Dodson, Jr.; Dodson-Duus, LLC; Gabe Duus; Jane Doe Duus; Ann Grimes-

Dodson; Harbor Resort Holdings, LLC; Harbor Resort Properties, Inc; and The Point at

Westport Harbor Homeowners' Association's ("HOA") (collectively "Defendants")

counterclaims (Dkt. 41).  The Court has considered the pleadings filed in support of and

in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 12, 2012, Travelers filed a complaint against Defendants requesting a declaratory judgment that it does not have a duty to defend or indemnify any Defendant. *Id*. On September 21, 2012, Defendants answered and asserted affirmative defenses. Dkt. 19. On July 3, 2013, Defendants filed counterclaims against Travelers. Dkt. 34.

On June 6, 2013, Travelers filed a motion for summary judgment. Dkt. 30. On July 15, 2013, Defendants responded. Dkt. 38. On July 19, 2013, Travelers replied. Dkt. 42.

On July 19, 2013, Travelers filed a motion to strike Defendants' counterclaims. Dkt. 41. On August 5, 2013, Defendants responded. Dkt. 48. On August 9, 2013, Travelers replied. Dkt. 53.

## II. FACTUAL BACKGROUND

Travelers insured the HOA from December 21, 2008 to December 21, 2009, under policy number I-680-9417L435-08. Dkt. 32, Declaration of Nick D'Agostino ("D'Agostino Decl."), Exh. A. Travelers insured the HOA from December 21, 2009, to December 21, 2010, under policy number I-680-9417L435-09. *Id*., Exh. B.[1] The Policy provides coverage in relevant part as follows:

---

[1] Because the policies are identical for relevant purposes, the Court will collectively refer to the policies as the "Policy."

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

\*\*\*

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Policy § I.  The Policy defines an insured in relevant part as follows:

If you are . . . :

\*\*\*

An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

*Id.*, § II, 1(d).

On September 30, 2010, the HOA filed a complaint in Grays Harbor Superior Court under Cause No. 10-2-01263-6 against several defendants.[2]  Dkt. 31, Declaration of Eric J. Neal ("Neal Decl."), Exh. A.  On December 22, 2010, the HOA filed a second

---

[2] The parties have categorized the defendants in the following groups: Developer Defendants, Contractor Defendants, and Individual Defendants. The Developer Defendants are comprised of business entities that played a role in developing The Point at Westport Condominiums (hereinafter "Project"), including the Project's Declarant. The Contractor Defendants are comprised of the various contractors hired to build the Project. Finally, the Individual Defendants are comprised of several individuals who served as board members of the HOA.

1   action against the Developer Defendants and Individual Defendants in Grays Harbor

2   County Superior Court under Cause No. 10-2-01699-2.  *Id*., Exh. B.  The two actions

3   were consolidated, and the HOA filed a First Amended Complaint against the Developer

4   Defendants and Individual Defendants.  *Id*., Exh. C ("Underlying Action").

5          On November 28, 2011, Travelers received a tender of defense and indemnity

6   from assigned counsel for the Individual Defendants.  D'Agostino Decl., Exh. C.  On

7   March 13, 2012, Defendants clarified that their tender was on behalf of all the Developer

8   Defendants and Individual Defendants.  D'Agostino Decl., Exh. D.  The Individual

9   Defendants were alleged to be insureds under the Policy based on their status as members

10  of the HOA's board of directors.  Neal Decl., Exh. C.

### III. DISCUSSION

**A.     Summary Judgment**

13         Travelers moves for summary judgment on the purely legal question of whether

14  coverage has been triggered under the Policy by the allegations in the Underlying Action.

####    1.     Standard

16         Summary judgment is proper only if the pleadings, the discovery and disclosure

17  materials on file, and any affidavits show that there is no genuine issue as to any material

18  fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

19  The moving party is entitled to judgment as a matter of law when the nonmoving party

20  fails to make a sufficient showing on an essential element of a claim in the case on which

21  the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

22  323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

1 could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

2 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

3 present specific, significant probative evidence, not simply "some metaphysical doubt").

4 *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

5 if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

6 jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

7 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

8 626, 630 (9th Cir. 1987).

9   The determination of the existence of a material fact is often a close question. The

10 Court must consider the substantive evidentiary burden that the nonmoving party must

11 meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

12 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

13 issues of controversy in favor of the nonmoving party only when the facts specifically

14 attested by that party contradict facts specifically attested by the moving party.  The

15 nonmoving party may not merely state that it will discredit the moving party's evidence

16 at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

17 *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

18 nonspecific statements in affidavits are not sufficient, and missing facts will not be

19 presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

20   **2.**  **Burden of Proof**

21   The purported insured has the burden of demonstrating coverage under the terms

22 of the policy, including whether they are an insured.  *Queen City Farms, Inc. v. Central*

*Nat'l Ins. Co. of Omaha*, 126 Wn.2d 50 (1994); *McDonald v. State Farm*, 119 Wn.2d 724 (1992).  After determining whether an entity is an "insured," courts engage in a two-step analysis to determine whether coverage exists for a particular loss.  *Id*. at 731.  First, the court must determine whether coverage has been triggered by the occurrence of a particular event.  *Id*.  The insured has the burden of proof to establish that coverage has been triggered.  *Id*.  If, and only if, the insured has proven that coverage has been triggered, the court then determines whether the relevant insurance policy contains any applicable exclusions or limitations that preclude coverage despite the occurrence of the triggering event.  *Id*.

### 3.     Motions to Strike

Travelers moves to strike Defendants' non-responsive arguments and the Declaration of Daniel S. Houser (Dkt. 39).  Dkt. 42 at 2–4.  With regard to the former, the Court agrees that the majority of Defendants' brief does not address the issue of whether coverage was triggered, but there is no need to explicitly strike non-responsive arguments.  With regard to the latter, the Court also agrees that the declaration contains inadmissible evidence and will specifically cite the evidence relied upon in considering this motion.  Thus, there is no need to consume resources striking major portions of the declaration.

Defendants move to strike what they assert are "Travelers' new coverage defenses."  Dkt. 38 at 8.  Defendants' motion seeks dispositive relief, which the Court declines to consider in a responsive brief or as a motion to strike.  For example, Defendants seek rulings as to the sufficiency of the complaint (*id*.) and whether

1   Travelers' "bad-faith refusal to defend" entitles Defendants to "coverage by estoppel" (*id.*

2   at 9).  Therefore, the Court denies Defendants' motion to strike the sole issue before the

3   Court, which is Travelers' request for a declaration that it has no obligation to provide a

4   defense or indemnity to any underlying Defendant in the underlying lawsuit. Dkt. 1, ¶

5   5.3.

6   **4.      Travelers' Motion**

7   Travelers moves for summary judgment on the purely legal question of whether

8   coverage has been triggered under the Policy by the allegations in the Underlying Action.

9   The allegation in question is that the HOA's board of directors breached their fiduciary

10  duties to the homeowners.  Specifically, the underlying complaint alleges that the

11  members of the board "owed the Association and its unit owners a fiduciary duty of

12  undivided loyalty and care in managing the affairs of the Association pursuant to RCW

13  64.34.308(1)" and, despite that obligation, "at all times these board members maintained

14  their loyalty to the Declarant, its owners, alter egos and affiliates and acted to promote

15  the interests of the Declarant, its owners, alter egos and affiliates instead of the unit

16  owners." Dkt. 31-3 at 24–25.  Based on this allegation, two types of actions must be

17  considered: (1) the actions of the board members outside the scope of their duties, and (2)

18  the actions of the board members within the scope of their duties.  With regard to the

19  former, Defendants have failed to meet their burden to show that coverage exists for any

20  action of a board member undertaken outside his or her duty as an officer or director.  In

21  fact, the Policy clearly only provides coverage for duties as an officer or director.

22  Therefore, the Court grants Travelers' motion on this issue.

1       On the issue of actions as an officer or director, the case law is clear that

2   intentional acts against the interest of the association do not trigger coverage.  It is well-

3   settled in insurance law that "[t]o satisfy the 'occurrence' definition, and to come within

4   the coverage provision, it must be established that the harm was unexpected or

5   unintended. There is never coverage where the harm is expected or intended." *Queen*

6   *City Farms, Inc. v. Central Nat. Ins. Co. of Omaha*, 126 Wn.2d 50, 71 (1994).  Whether

7   harm is expected or intended is based on a subjective standard from the viewpoint of the

8   insured, rather than an objective one.  *Id*. at 69.

9       Defendants advance two arguments that coverage was triggered by an occurrence.

10  First, they argue that other courts have found that coverage existed under similar

11  circumstances.  Dkt. 38 at 17–21.  While true, they rely on portions of opinions that

12  consider the owned property exclusion to preclude coverage instead of the portions

13  considering whether claim for breach of a fiduciary duty triggers coverage.  For example,

14  Defendants cite *Far Northwest Development Co., LLC v. Community Ass'n of*

15  *Underwriters of America, Inc.*, 2007 WL 1140262 (W.D. Wash. 2007), in support of their

16  argument.  In *Far Northwest*, the district judge granted summary judgment, the Ninth

17  Circuit reversed and remanded, the district judge again granted summary judgment, and

18  then the Ninth Circuit upheld the second grant of summary judgment.  *See Far Northwest*

19  *Development Co. LLC v. Community Ass'n Underwriters of America Inc*., 362 Fed.

20  Appx. 861 (9th Cir. 2010).  The ground for the second grant of summary judgment was

21  whether the intentional acts of the director were an occurrence.  *Id*. at 862.  This is the

22  exact ground Travelers relies on in the instant motion, which has been upheld by the

1 Ninth Circuit.  Therefore, Defendants' reliance on case law regarding the owned property

2 exclusion is not relevant to the current issue before the Court.

3       Second, Defendants contend that the underlying complaint can reasonably be

4 interpreted to allege liability.  Dkt. 38 at 21–23.  "An insurer has a duty to defend 'when

5 a complaint against the insured, construed liberally, alleges facts which could, if proven,

6 impose liability upon the insured within the policy's coverage.'"  *Woo v. Fireman's Fund*

7 *Ins. Co.*, 161 Wn.2d 43, 52–53 (2007) (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.*,

8 147 Wn.2d 751, 760 (2002)).  Defendants, however, fail to even cite the underlying

9 complaint in support of their argument.  On the other hand, Travelers cites the underlying

10 allegations and persuasively argues that intentionally *acting* for another entity, as the

11 board members have alleged to have done, can not reasonably be considered to be

12 accidental actions triggering an "occurrence" under the Policy.  *See Far Northwest*, 362

13 Fed. Appx. at 862.  Therefore, the Court grants Travelers' motion for summary judgment

14 on the issue of coverage.

15       **5.**     **Rule 56(d)**

16       If a party shows that it is unable to present facts essential to justify its opposition,

17 then the Court may defer considering the motion for summary judgment.  Fed. R. Civ. P.

18 56(d).

19       In this case, Defendants request that, if the Court does not deny Travelers' motion,

20 then the Court should delay consideration of the motion until certain discovery may be

21 conducted.  Defendants' request fails for at least two reasons.  First, the issue before the

22 Court is a purely legal issue based on the allegations contained in the underlying

1   complaint.  Defendants have access to all the facts necessary for their opposition.

2   Second, even if they somehow did not have access to the underlying complaint, their

3   request to depose Travelers' adjusters and obtain Travelers' claim files are not essential

4   to opposing the issues presented in Travelers' motion.  Therefore, the Court denies

5   Defendants' request to defer consideration of the motion.

6   **B.  Motion to Strike Counterclaims**

7         Travelers moves the Court to strike Defendants' counterclaims because they were

8   improperly filed without either a stipulation or the Court granting Defendants leave to

9   amend their pleading.  Dkt. 41.  Defendants respond and request leave to amend, which is

10   an improper request for affirmative relief in a response brief.  Even if the Court was

11   inclined to consider Defendants' request, Defendants cite the incorrect standard at this

12   stage of the proceeding.   Because the Court's scheduling order set December 24, 2012 as

13   the deadline to file amended pleadings, Defendants must first show "good cause" for

14   failure to comply with the Court's scheduling order.  *Johnson v. Mammoth Recreations,*

15   *Inc.*, 975 F.2d 604, 607–608 (9th Cir. 1992) (Once the district court had filed a pretrial

16   scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a

17   timetable for amending pleadings that rule's standards controlled.).  On this point, "Rule

18   16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

19   amendment." *Id.* at 609.  "If that party was not diligent, the inquiry should end." *Id.*

20         In this case, Defendants concede that they were not diligent.  In arguing that

21   Travelers will not be prejudiced by the tardy counterclaims, Defendants contend that

22   "Travelers has known about [Defendants'] counterclaims for ten months . . . ."  Dkt. 48 at

1  12.  If Travelers knew about the counterclaims, then Defendants knew about them as

2  well.  The failure to file the claims over that span of time is a lack of diligence, and the

3  Court inquiry will end here.  *Johnson*, 975 F.2d at 608.  Therefore, the Court grants

4  Travelers' motion to strike Defendants' counterclaims.

5                                            **IV. ORDER**

6          Therefore, it is hereby **ORDERED** that Travelers' motion for summary judgment

7  (Dkt. 30) and motion to strike counterclaims (Dkt. 41) are **GRANTED.**  The Clerk is

8  directed to enter judgment for Travelers against Defendants and close this case.

9          Dated this 21st day of August, 2013.

10

11

12                                            BENJAMIN H. SETTLE
                                             United States District Judge

13

14

15

16

17

18

19

20

21

22